UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>       v.<br><br>ERSHIGS, INC.,<br><br>                Defendant. | CASE NO. C14-1255JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the court on Defendant Ershigs, Inc.'s ("Ershigs") motion to dismiss Plaintiff Allianz Global Risks US Insurance Company's ("Allianz") complaint. (Mot. (Dkt. # 16).) In the alternative, Ershigs asks the court to compel arbitration pursuant to the governing contract's arbitration provision. (*Id.*; *see also* Reply (Dkt. # 18).) Allianz opposes that motion. (Resp. (Dkt. # 17).) Having reviewed the

ORDER- 1

submissions of the parties, the relevant portions of the record, and the applicable law,[1] the court GRANTS Ershigs's motion to dismiss, on the condition that Ershigs consider the statute of limitations tolled from April 4, 2014 until 30 days after the filing of this order.

## II. BACKGROUND

Prior to February 20, 2012, Ershigs entered into a contract with Vale Newfoundland & Labrador Ltd. ("Vale"). (Compl. (Dkt. # 1) ¶¶ 1, 6.) Ershigs agreed to provide Vale with five fiberglass-reinforced plastic tanks. (*Id.* ¶ 6.) When the tanks arrived in Long Harbour, Newfoundland and Labrador, Canada, on February 20, 2012, Vale discovered that at least two of the tanks had suffered damage in transit. (*Id.* ¶ 8.) Vale paid in excess of $75,000.00 to repair the tanks and called upon Allianz, Vale's insurer, to cover those losses. (*Id.* ¶¶ 9-10.) Allianz then filed suit as Vale's subrogee against Ershigs, alleging gross negligence, negligence, and breach of contract. (*Id.* ¶¶ 11-18.)

Allianz first filed suit against Ershigs on November 14, 2013, making essentially the same allegations as in this case.[2] *See* Complaint, *Allianz Global Risks US Ins. Co. v. Ershigs, Inc.*, No. C13-2056RSM (W.D. Wash. Nov. 14, 2013), Dkt. # 1; (*see also* Resp. at 2.) However, after discovering several latent issues impacting that lawsuit, Allianz and Ershigs agreed to voluntarily dismiss the case without prejudice. (*See* Fox Decl. (Dkt.

---

[1] The parties have not requested oral argument, and the court deems oral argument unnecessary for the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court can properly take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

# 17) ¶ 2, Ex. A ("Tolling Agmt.") at 1); Stipulation for Dismissal, *Allianz Global Risks US Ins. Co. v. Ershigs, Inc.*, No. C13-2056RSM, Dkt. # 16. Allianz and Ershigs also contractually agreed to toll the statute of limitations pertaining to those claims for a six-month period, which concluded on October 4, 2014. (Tolling Agmt. at 1-2.) Allianz refiled the instant action on August 14, 2014 (*see* Compl.), and Ershigs filed its answer on September 9, 2014 (*see* Ans. (Dkt. # 8)). The deadline for dispositive motions is January 5, 2016, and Ershigs filed its motion to dismiss on July 16, 2015. (*See* Min. Ord. (Dkt. # 14); Mot.) Neither party filed any document of substantive consequence between September 9, 2014 and July 16, 2015.

Ershigs seeks dismissal on *forum non conveniens* grounds pursuant to the forum-selection clause in the general terms and conditions ("GTCs" or "GTC § [#]") governing Vale's purchase order ("PO") with Ershigs.[3] (*See* Mot. at 4-8; GTC § 25.1; PO at 3 (incorporating the GTCs).) That clause confers exclusive jurisdiction on Ontarian courts, which are to apply Ontarian law to disputes arising out of the contract:

> The Purchase Order shall be interpreted and enforced in accordance with, and its administration and performance governed by, the laws of the Province of Ontario, and subject to the terms of GTC 21 (Settlement of Disputes) the Parties hereby agree to submit to the exclusive jurisdiction of the courts of the Province of Ontario for the purpose of adjudicating any suits or claims arising from the Purchase Order.

---

[3] Although Ershigs filed the GTCs and the PO in one 57-page exhibit, the court refers to them separately. Citations herein to the GTCs refer to the first 32 pages of Exhibit A to Ershigs's motion to dismiss, whereas citations to the PO refer to the final 25 pages of Exhibit A. (*See* GTCs (Dkt. # 16-2) at 1-32; PO (Dkt. # 16-2) at 33-57.)

ORDER- 3

GTC § 25.1.  In the alternative, Ershigs moves to compel arbitration pursuant to GTC § 21.5 (which is referenced in GTC § 25.1):

> The parties herein agree that all Disputes relating to or arising from this Purchase Order including, without limitation, all proceedings to enforce the Purchase Order, shall be referred to and finally resolved by arbitration . . . conducted in Toronto, Ontario and shall be subject to the substantive law of Ontario.  The parties further agree that all arbitral awards shall be final and binding on the parties and shall not be subject to any appeal or judicial review, save and except any proceedings initiated to obtain enforcement or recognition of arbitral awards made in arbitrations conducted pursuant to the provisions of this Purchase Order.

GTC § 21.5.

Allianz does not dispute that as Vale's subrogee, the PO and GTCs apply to its relationship and dispute with Ershigs.  (*See generally* Resp.)  Instead, Allianz argues that Ershigs's actions render these clauses unenforceable.  (*See id.*)

### III.   ANALYSIS

Although the arguments Allianz mounts against granting *forum non conveniens* dismissal are opaque, the court understands two separate contentions:  waiver of the right to seek *forum non conveniens* dismissal and invalidity of the forum-selection clause.

**A.   Waiver of the Right to Seek *Forum Non Conveniens* Dismissal**

Allianz contends that Ershigs waived its right to move for dismissal by failing to raise *forum non conveniens* as a defense in its answer, which it filed on September 9, 2014.[4]  (Resp. at 6.)  "[T]he appropriate way to enforce a forum-selection clause pointing

---

[4] Ershigs understandably construes Allianz's sparse argument to rely on Federal Rule of Civil Procedure 12(h)(1).  (Reply at 4.)  Rule 12(b) provides a list of defenses, such as improper venue, which a defendant can raise either in its answer or a motion prior to its answer.  *See* Fed.

to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, --- U.S. ---, 134 S. Ct. 568, 580 (2013). Rule 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Moreover, Rule 8(c)(1) requires that "[i]n responding to a pleading," a party must "affirmatively state any avoidance or affirmative defense." *See* Fed. R. Civ. P. 8(c)(1). In its answer, Ershigs identified the "binding arbitration clause in the contract" as a defense (Ans. at 4), but Ershigs did not mention the forum-selection clause or *forum non conveniens* (*see generally id.*). Without providing any explanation (*see generally* Reply), Ershigs waited more than eleven months to raise the forum-selection clause in its motion to dismiss (*see* Mot.).

This presents the question of whether *forum non conveniens* constitutes an "avoidance or affirmative defense" that must be raised in a responsive pleading. Fed. R. Civ. P. 8(c)(1). Although the Ninth Circuit has not spoken on this procedural issue, the Tenth Circuit and several district courts have concluded that the failure to include *forum non conveniens* as a defense in the answer does not preclude a subsequent motion to dismiss on that basis. *See Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173-74 (10th Cir.

---

R. Civ. P. 12(b). A defendant waives certain of those defenses, including improper venue, by failing to assert them in either its answer or a Rule 12 motion for dismissal, whichever it files first. *See* Fed. R. Civ. P. 12(h)(1). However, the Supreme Court has expressly held that a Rule 12 motion is not the proper way to enforce a forum-selection clause. *See Atl. Marine*, 134 S. Ct. at 577. Ershigs is correct, therefore, that Rule 12(h)(1) does not bar its motion to dismiss. However, because Allianz makes specific reference to the "filing of an Answer," the court construes Allianz's argument as pertaining also to Rules 8(c)(1) and 12(b), and conducts its analysis accordingly. *See infra* Part III.A.

ORDER- 5

2009) (noting that both the plaintiff and the court failed to identify any authority supporting the proposition that a defendant waived its *forum non conveniens* defense by failing to include it in an answer); *Fragrance House, Inc. v. Hanjin Shipping Co., Ltd.*, No. 2:14-cv-04565-R-PJW, 2014 WL 8708237, at *2 (C.D. Cal. Dec. 11, 2014); *Edwards v. Texaco, Inc.*, Civ. A. No. 86-5240, 1987 WL 9293, at *1 (E.D. Pa. Apr. 10, 1987); *Kahn v. Nat'l R.R. Passenger Corp.*, No. 85 Civ. 3586-CSH, 1986 WL 1456, at *2 (S.D.N.Y. Jan. 28, 1986) (citing *Snam Prognetti S.p.A. v. Lauro Lines*, 387 F. Supp. 322, 323 (S.D.N.Y. 1974)). The clearest rationale for these conclusions is stated in *Snam Prognetti*:

> [T]here are sound logical reasons for not requiring a *forum non conveniens* motion to be made within the limited time period allowed for a defendant to file an answer or to move to amend his answer . . . . This time is certainly adequate to check the venue statutes and determine whether they have been met. However, the factors of equity and convenience, such as the location of important witnesses and evidence, which control a *forum non conveniens* motion may not be apparent without time-consuming investigation and, frequently, discovery.

387 F. Supp. at 323 (dismissing on *forum non conveniens* grounds based on this rationale and the lack of prejudice resulting from the delay).

This rationale is less applicable, however, when the defendant seeks a *forum non conveniens* dismissal based on a contractual forum-selection clause.[5] *See Atl. Marine,*

---

[5] An alternative framing of the issue is whether Ershigs waived its contractual right to enforce the forum-selection clause. Federal courts have with some regularity deemed forum-selection clauses waived when not raised sufficiently early, but most of those decisions occurred prior to *Atlantic Marine* and thus hinged upon Rule 12(h)(1). *See, e.g., Tri-State Emp't Servs., Inc. v. Mountbatten Sur. Co.*, 295 F.3d 256, 260 n.2 (2d Cir. 2002) ("[B]ecause defendant failed to raise any venue challenge in a pre-answer motion or responsive pleading, *see* [Rule]

134 S. Ct. at 580 (2013). In this case, Ershigs did not need "time-consuming investigation" or "discovery" to unveil the basis for its *forum non conveniens* motion. *See id.* Indeed, counsel for Allianz emailed counsel for Ershigs on May 28, 2014, July 1, 2014, and August 15, 2014. (*See* Fox. Decl. Ex B, at 1-3.) All of those emails questioned whether Ershigs would allow the suit to proceed in the Western District of Washington in light of the contractual language. (*See id.*) Apparently, Ershigs never meaningfully responded to those inquiries. (*See id.*) Moreover, this action had already been filed in this court and Ershigs had filed its answer. *See* Answer, *Allianz Global Risks US Ins. Co. v. Ershigs, Inc.*, No. C13-2056RSM, Dkt. # 11. In sum, Ershigs had an abundance of notice of the basis for its *forum non conveniens* motion, even before Allianz filed this lawsuit.

Nevertheless, in light of the Supreme Court's admonition that "a forum selection clause be 'given controlling weight in all but the most exceptional cases,'" the court is disinclined to find Ershigs's *forum non conveniens* defense waived solely by virtue of Ershigs's delay. *Atl. Marine*, 134 S. Ct. at 579 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 34 (1988)). Some courts have imposed a requirement that "a defendant must assert a motion to dismiss for forum non conveniens within a reasonable

---

12(h)(1)(B), defendant is deemed to have waived any objection to venue."). After *Atlantic Marine*, it is clear that a Rule 12(b)(3) or Rule 12(b)(6) motion is not the proper way to enforce a forum-selection clause, and thus Rule 12(h)(1) is inapplicable. *See* 134 S. Ct. at 580. Nonetheless, courts have also analyzed waiver of a forum-selection clause under traditional contractual principles. *See, e.g., Indus. Print Techs. LLC v. Canon U.S.A., Inc.*, No. 2:14-cv-00019, 014 WL 7240050, at *2-3 & n.2 (E.D. Tex. Dec. 19, 2014). To the extent Allianz's opposition to Ershigs's motion to dismiss addresses the *forum non conveniens* argument at all, it focuses on waiver under the Federal Rules, and accordingly the court expresses no opinion on the contractual issue. (*See generally* Resp.)

ORDER- 7

time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." *In re Air Crash Disaster New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1165 (5th Cir. 1987), *vacated on other grounds*, 490 U.S. 1032 (1989); *see also Cable News Network L.P. v. CNNews.com*, 177 F. Supp. 2d 506, 528 (E.D. Va. 2001). However, even when imposing such a reasonableness requirement, "untimeliness will not effect a waiver"; rather, "it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." *In re Air Crash*, 821 F.2d at 1165.

In this case, given the hypothetical nature of the prejudice and the strong presumption of enforceability of forum-selection clauses, the undue delay is insufficient to constitute waiver of the right to seek *forum non conveniens* dismissal. Ershigs did put Allianz on notice of its defense based on GTC § 21.5, and enforcement of that arbitration provision could have resulted in similar prejudice to that which Allianz seeks to avoid here—dismissal. (*See* Ans. at 4); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that when an "arbitration clause [i]s broad enough to bar all of the plaintiff's claims," it is within the court's discretion to dismiss the claims in conjunction with compelling arbitration). Moreover, given that minimal motions practice has occurred in this action, it is unclear what prejudice Ershigs's undue delay has caused Allianz unless the statute of limitations has expired since Allianz filed this action. (*See* Resp. at 17.) Accordingly, the court concludes that Ershigs did not waive its ability to assert a *forum non conveniens* defense; however, the court considers the potential

ORDER- 8

prejudice caused by Ershigs's undue delay when determining whether to condition the dismissal. *See In re Air Crash*, 821 F.2d at 1165; *infra*, Part III.C.

### B. Validity of the Forum-Selection Clause

Although Allianz's argument is again vague, the court takes Allianz's repeated references to prejudice caused by the forum-selection clause as an argument that the clause is invalid. (*See* Resp. at 4, 6.) The validity of a forum-selection clause is governed by federal law. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("[T]he federal procedural issues raised by forum-selection clauses significantly outweigh the state interests, and the federal rule . . . controls enforcement of forum clauses in diversity cases."). Under federal law, a forum-selection clause is presumed valid and will not be set aside unless the party challenging its enforcement can show it is "unreasonable under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (internal quotation marks omitted) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). This exception is construed narrowly. *Argueta*, 87 F.3d at 325.

To show that a forum-selection clause is unreasonable, the challenging party must demonstrate: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so inconvenient that the complaining party will be practically deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *See id.*; *see also Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). As the party challenging the clause, Allianz bears the "heavy

burden of proof" to "clearly show that enforcement would be unreasonable or unjust." *Murphy*, 362 F.3d at 1140.

The argument Allianz mounts against enforcing the forum-selection clause is unconvincing, in part because it is so indirect. Although Allianz recognizes that Ershigs "filed a Motion to dismiss the Allianz action under the doctrine of forum non conveniens" (Resp. at 2), all of Allianz's counterarguments address compelled arbitration (*see generally id.*). Nonetheless, one of the arguments that Allianz makes in its response can be applied to the second prong of the *Argueta* standard.[6] That second prong provides an exception to the strong presumption of enforceability applied to forum-selection

---

[6] Citing to Local Rule 7(b)(2), Ershigs contends that "failure to respond to a motion is treated as an admission that the motion has merit," and that this rationale also extends to individual arguments raised in a motion. (Reply at 2-3 (citing Local Rule W.D. Wash. LCR 7(b)(2)).) It is true that this court has extended the presumption permitted by Local Rule 7(b)(2) to a party's failure to address a specific argument raised in an opponent's brief. *See Bds. of Trs. of the Cement Masons & Plasterers Health & Welfare Tr. v. Concreteman, Inc.*, No. C13-1698JLR, 2014 WL 1884496, at *3 (W.D. Wash. May 12, 2014)). However, Ershigs incorrectly reads the Local Rule as mandatory when it is in fact permissive: "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure *may* be considered by the court as an admission that the motion has merit." Local Rule W.D. Wash. LCR 7(b)(2) (emphasis added); *see also Concreteman*, 2014 WL 1884496, at *3 ("Failure to respond to an argument *may* be treated as an admission that the argument has merit." (emphasis added)).

Ershigs is correct that Allianz casts its arguments solely against compelling arbitration. (*See, e.g.*, Resp. at 6 ("It is further unknown whether Ershigs would raise other jurisdictional or forum non conveniens arguments in a Canadian arbitration.").) However, the court also considers those arguments to the extent they apply to the *Argueta* standard for declaring a forum-selection clause "unreasonable under the circumstances," and thus unenforceable. *Argueta*, 87 F.3d at 325. Allianz does not contend that any "fraud, undue influence, or overweening bargaining power" led to the incorporation of the forum-selection clause in the GTCs, nor does Allianz contend that enforcing the forum-selection clause would contravene some strong public policy of Washington. (*See generally* Resp.); *see also Argueta*, 87 F.3d at 325. Accordingly, the court analyzes only the second *Argueta* prong. *See Argueta*, 87 F.3d at 325.

ORDER- 10

clauses when the selected forum is so gravely difficult and inconvenient that the complaining party will be practically deprived of its day in court. *See Argueta*, 87 F. 3d at 325. Allianz states that it could be "deprived of its day in court," *id.*, if the court dismissed this action and then "Ershigs claim[s] that there [a]re assorted barriers to proceeding in Ontario" (Resp. at 5). For instance, as Allianz points out, "should the court dismiss the action in favor of arbitration, such arbitration would . . . be commenced outside of the six month tolling period agreed to by the parties, and would leave Allianz subject to an argument by Ershigs that an arbitration is untimely." (*Id.* at 4.) By the same reasoning, if the court dismisses the action on *forum non conveniens* grounds and Allianz is required to file suit or arbitrate in Ontario pursuant to the forum-selection clause, that scenario would also "leave Allianz subject to an argument by Ershigs that [the action] is untimely." (*Id.*)

Although Allianz correctly posits that dismissal might leave open an argument that the statute of limitations on its claims has expired, Allianz does no analysis of this potentiality. For instance, Allianz declines to evaluate what statute of limitations the Ontarian decision-maker would apply, when that period would begin and end, whether the Ontarian decision-maker would toll the statute of limitations for the period this action has pended, and other pertinent questions. (*Id.*) In the absence of such analysis, the court cannot conclude that Allianz has met the "heavy burden of proof" to "clearly show that enforcement would be unreasonable or unjust." *Murphy*, 362 F.3d at 1140. Accordingly, the court holds that the forum-selection clause is valid.

ORDER- 11

### C. Conditional Dismissal

Although the forum-selection clause is valid and Ershigs did not waive its *forum non conveniens* argument, the court is nonetheless entitled to condition the dismissal. *See Leetsch v. Freedman*, 260 F.3d 1100 (9th Cir. 2001). The Ninth Circuit requires district courts to impose conditions upon a *forum non conveniens* dismissal "if there is a justifiable reason to doubt that a party will cooperate with the foreign forum." *Id.* at 1104; *see also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1235 (9th Cir. 2011) ("'The danger that the statute of limitations might serve to bar an action is one of the primary reasons for the limitation on the court's discretion with respect to the application of the doctrine of *forum non conveniens*.'" (quoting *Paper Operations Consultants Int'l, Ltd. v. S.S. Hong Kong Amber*, 513 F.3d 667, 672 (9th Cir. 1975)).). The court is particularly inclined to condition dismissal when a defendant causes potential prejudice to the plaintiff by unduly delaying its motion to dismiss.

There is unrefuted evidence that Ershigs caused such potential prejudice here. Ershigs stalled for almost a year before moving to dismiss on *forum non conveniens* grounds. (*Compare* Ans. *with* Mot.) This was despite having notice—by virtue of a prior suit and several unanswered emails from Allianz—that filing suit in the Western District of Washington contravened the express GTCs. *See Allianz Global Risks US Ins. Co. v. Ershigs, Inc.*, No. C13-2056RSM; (Fox Decl. ¶ 3, Ex. B at 1-3.) This raises the specter of bad faith behavior, which could prejudice Allianz's ability to recover in arbitration or litigation in Ontario. (Resp. at 4, 6.) If this delay was in good faith, Ershigs should have

ORDER- 12

no objection to allowing Allianz to file this action in the appropriate forum without suffering prejudice from proceeding in this court.

The court thus finds it appropriate to dismiss the case on the condition that Ershigs treat the statute of limitations on Allianz's claims as tolled while this case proceeded. The parties' contractual tolling agreement began on April 4, 2014. (Tolling Agmt. at 2.) The parties are to treat the statute of limitations as tolled from April 4, 2014, to 30 days after the filing of this order.

## IV.   CONCLUSION

Based on the foregoing analysis, the court GRANTS Ershigs's motion to dismiss on the basis of *forum non conveniens* (Dkt. # 16).[7] The court DISMISSES the case

//

//

//

//

---

[7] Ershigs moved in the alternative for this court to compel arbitration in Ontario pursuant to the arbitration provision in GTC § 21.5. (Mot. at 8-12.) Allianz argues that Ershigs has waived its right to invoke the arbitration clause. (*See* Resp. at 5-6.) In GTC § 25.1, the parties agreed "to submit to the exclusive jurisdiction of the courts of the Province of Ontario for the purpose of adjudicating any suits or claims arising from the Purchase Order," except those topics covered by the arbitration provision in GTC § 21. (*See* GTC § 25.1.) To the extent Allianz wishes dispute in court the enforceability of GTC § 25.1, the analysis herein concludes that GTC § 21.5 renders the Western District of Washington the wrong court in which to do so. *See supra* Part III.A-B. This court's mechanism to enforce this conclusion is dismissal on *forum non conveniens* grounds. *See Atl. Marine*, 134 S. Ct. at 580. Accordingly, the court declines to consider the portion of Ershigs's motion seeking to compel arbitration.

The parties have also stipulated to an extended expert disclosure deadline, and they ask the court to approve that scheduling change. *See* (Stip. at 1-2 (Dkt. # 19.) Because this order dismisses the case, the court DENIES that stipulated motion as moot.

without prejudice, subject to the condition that Ershigs treat the statute of limitations as tolled from April 4, 2014 until 30 days after the filing of this order.

Dated this 6th day of October, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 14